DLD-145

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2478
_____

CARLOS ERASMO DIAZ-OSORIO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-578-648)
Immigration Judge:  Honorable R.K. Malloy
_____

Submitted on Respondent's Motion to Dismiss and for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 5, 2022
Before: KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 8, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carlos Diaz-Osorio petitions for review of a final order of removal. The Government has filed a motion to dismiss and for summary disposition. We grant the Government's motion and will dismiss the petition for review in part and deny it in part.

Diaz-Osorio, a citizen of Mexico, was ordered removed in absentia in 2006. In 2018, he filed a motion to reopen and terminate before an Immigration Judge (IJ). He argued that reopening/termination was necessary because the Supreme Court's then-recent decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018),[1] established that the IJ was never vested with jurisdiction over his case since the notice to appear the agency served on him did not include the time and place of the hearing. The IJ denied the motion, and the Board of Immigration Appeals (BIA) agreed with the IJ's analysis and dismissed the appeal.

Diaz-Osorio filed a petition for review to this Court. After he filed his initial brief, the Government filed a motion to dismiss and for summary disposition.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). We review a denial of a motion to reopen for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). We will take summary action if "no substantial question is presented" by the petition. 3d Cir. L.A.R. 27.4.

At the outset, to the extent that Diaz-Orosio argues that he was not given proper notice of the hearing in violation of his due-process rights, he failed to exhaust that issue

---

[1] In Pereira, the Supreme Court held that a notice to appear that omits the time and place of a hearing does not qualify as a "notice to appear under section 1229(a)" for purposes of the cancellation-of-removal statute's stop-time rule. 138 S. Ct. at 2113–14.

2

before the BIA.  Rather, in his filing before the BIA, he raised only his challenge to the IJ's jurisdiction.  See A.R. at 27, 29.  Therefore, we lack jurisdiction to review this claim.  See 8 U.S.C. § 1252(d)(1); Zheng v. Gonzales, 422 F.3d 98, 107–08 (3d Cir. 2005).

We can review Diaz-Osorio's argument that, because his notice to appear lacked information about the time and place of his hearing, the IJ lacked authority to act in the immigration proceedings.  However, we have squarely rejected that argument.  See Chavez-Chilel v. Att'y Gen., 20 F.4th 138, 142–43 (3d Cir. 2021); Nkomo v. Att'y Gen., 930 F.3d 129, 133 (3d Cir. 2019).  Thus, Diaz-Osorio's challenge to the agency's jurisdiction fails.

Accordingly, we grant the Government's motion and will dismiss the petition for review in part and summarily deny the petition in part.